REQUESTED BY: Malcolm D. Hardin, Secretary for Board of Public Roads Classifications and Standards, P.O. Box 94759, Lincoln, Nebraska, 68509.
Did the 87th Nebraska Legislature, Second Session, in passing L.B. 649, repeal the rules and regulations of the Board of Public Roads Classifications and Standards regarding specific criteria for the functional classification for scenic-recreational roads.
The act of repealing the rules and regulations of the Board of Public Roads Classifications and Standards by the 87th Nebraska Legislature, is an infringement of the executive and judicial powers. Therefore, any act that creates an infringement of the executive or judicial branch of government is unconstitutional.
Legislative bill 649 purports the repeal of specific criteria passed by the Board of Public Roads Classifications and Standards on January 16, 1981. In 1980 the legislature, by L.B. 783, directed the Board of Public Roads Classifications and Standards to develop specific criteria for the functional classification of scenic recreation roads. They directed this criteria should be adopted and promulgated within six months from July 19, 1980. On January 16, 1981, the specific criteria was adopted by the Board of Public Roads Classifications and Standards. After a public hearing on September 25, 1981, the legislative Administrative Rules and Regulations Review Committee suspended these criteria as adopted by the board. The legislature, in February, 1982, repealed the criteria adopted by the Board of Public Roads Classifications and Standards. The real question raised by the above facts is whether or not there is an infringement on the executive or judicial powers by the legislature in the action taken leading up to the passage of L.B. 649.
The previous opinion of the Attorney General dated February 22, 1977, offers us guidance to a proper conclusion on this matter. In that opinion, the same issue surrounding the Rules and Regulations Review Committee appeared as to the then L.B. 44 and L.B. 29. This legislative Review Committee was formed in 1976, and thus, this office examined their right to hold public hearings and suspend rules. A determination was made at that time that a serious question involving separation of powers did exist as set forth in Neb. Const. art. II, § 1. The previous Attorney General opinion noted that the legislature does not have power to exercise administrative or judicial powers. The writer of that February 22, 1977, opinion noted that the revision, repeal or suspension of rules and regulations are administrative functions.
The committee may have the power to investigate and determine whether an agency is complying with legislative mandates, and it may recommend to the legislature that the agency is not complying with the legislative intent, but there it must end. Any further action on the part of the legislative committee removes it from the realm of a legislative function and into either an executive or judicial function, which is unauthorized.
The language of Neb.Rev.Stat. § 84-908.03 (Reissue 1981) reflects an action of a judicial nature over an executive act.
The language of Neb.Rev.Stat. § 84-908.05 (Reissue 1981), which holds, that if the legislative bill to repeal the rule and regulation is enacted into law, the rule and regulation shall be repealed and shall not be adopted unless a properly enacted law specifically authorizes the adoption of such rule and regulation. This section grants the legislature the right to perform the judicial function of determining whether or not an administrative agency acted properly or is authorized by statute to act. In Davis v.General Motors Acceptance Corp., 176 Neb. 865,127 N.W.2d 907 (1964), our court struck down a similar statute which it held constituted a legislative invasion of judicial powers.
The language, as set forth in the February 22, 1977, Attorney General opinion is still applicable and should be adopted. The conclusion reached in State ex rel. Meyer v.State Board of Equalization and Assessment, 185 Neb. 490,176 N.W.2d 920 (1970), is also pertinent to the question before us. While finding the particular provision under discussion valid, the court said:
 The legislature has plenary or absolute power over appropriations. It may make them upon such conditions and with such restrictions as it pleases within constitutional limits. There is one thing, however, which it cannot do, and this is inherent in Article II, Section 1, Constitution of Nebraska. It cannot, through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch of government. It cannot administer the appropriation once it has been made. When the appropriation is made, its work is complete and the executive authority takes over to administer the appropriation to accomplish its purpose, subject to the limitations imposed. . . .
Applying the same language, the Attorney General's opinion dated February 22, 1977, notes:
 In the same vein, once the legislature has passed a bill giving an administrative agency power to administer a statute, including the power to adopt rules and regulations, the function of the legislature is complete, and the administrative branch takes over. In giving the committee the power to suspend rules and regulations these bills would give the legislative branch administrative function. We believe the court would hold this to be an invasion of the power of the executive branch.
Adopting the language of the Attorney General Opinion of February 22, 1977, and the holdings in Davis v. GeneralMotors Acceptance Corp., supra, one must conclude that the actions of the legislature in its repeal of the specific criteria of the Board of Public Roads Classifications and Standards, is an infringement of the executive powers. The power to make rules and regulations lies with the executive, and is not subject to any actions short of amendment of the enabling legislation by the legislature. As to the repeal of a rule and regulation by the legislature, this is a function of the court clearly defined within the statutes in matters of this type.
It therefore must be concluded that the rules and regulations, as passed by the Board of Public Roads Classifications and Standards are valid rules and regulations until proven otherwise by a judicial determination that the administrative agency acted improperly or was acting contrary to that authorized by statute or act.
Very truly yours, PAUL L. DOUGLAS Attorney General Gary R. Welch Assistant Attorney General Approved:Paul L. Douglas
Attorney General